

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2005

# Kowalski v. Scott

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2752

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kowalski v. Scott" (2005). *2005 Decisions*. Paper 1418.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1418

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2752

———

EDWARD P. KOWALSKI,

Appellant

v.

LINDA M. SCOTT; INVESTIGATOR EO; BRIAN E. WHITE; NANCY SHUTT;
FACTION INC.; COMPSERVICE, INC.

———

On appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. No. 02-CV-7197

———

Submitted pursuant to Third Circuit LAR 34.1(a)
on March 11, 2005

Before: SCIRICA, ROTH,
and FUENTES, *Circuit Judges*

(Filed:  March 29, 2005)

_____

OPINION OF THE COURT
_____

Fuentes, *Circuit Judge*.

Petitioner Edward Kowalski appeals summary judgment dismissing his claims against his supervisor at the Pennsylvania State Police (PSP) under the Americans with Disabilities Act (ADA) and the First Amendment, and his claims against other defendants under the Fourth Amendment. Kowalski alleges that his supervisor at the PSP failed to accommodate his disability and later retaliated against him for complaining about environmental conditions by ordering surveillance of him while he was on vacation and by refusing to install a new ventilation system in his place of work. Kowalski also seeks relief under § 1983 against defendants associated with a private investigation firm based on the allegedly unconstitutional surveillance. We will affirm substantially for the reasons expressed in the thorough and persuasive opinion of the District Court. We add the following to underscore our own agreement with that opinion.

First, we are satisfied that the District Court properly rejected Kowalski's ADA claim because Kowalski failed to exhaust his administrative remedies. Under the ADA, a plaintiff must exhaust his administrative remedies before filing a civil action in a federal court. *See* 42 U.S.C. § 12117; *see also Churchill v. Star Enterprises*, 183 F.3d 184, 190 (3d Cir.1999). Kowalski never filed a complaint with either the EEOC or the Pennsylvania Human Relations Commission, and therefore, never obtained a right to sue letter. We therefore affirm dismissal of his ADA claim without reaching its merits.

We also agree with the District Court's rejection of Kowalski's Fourth Amendment claim. The District Court correctly reasoned that the private investigator's

2

surveillance of Kowalski, while he vacationed in Florida, was conducted only in public places where Kowalski lacked a reasonable expectation of privacy. In order to establish a Fourth Amendment violation of his right to privacy, Kowalski would have to show not just that he held a subjective expectation of privacy while on vacation, but also that, from an objective point of view, his expectation of privacy was reasonable. *See California v. Ciraolo*, 476 U.S. 207, 211 (1986). It is well-established that "[w]hat a person knowingly exposes to the public...is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 247, 251 (1967). The video surveillance of Kowalski was taken only while Kowalski was in full view of many strangers, in public areas at or near a beach. It was also taken from a distance, and in a manner that did not obstruct Kowalski's activities. Together these facts put the video surveillance in this case outside the purview of the Fourth Amendment.

Finally, we concur with the District Court's rejection of Kowalski's First Amendment claim against Scott. Kowalski argues that his First Amendment rights were violated by an alleged attempt to intimidate him into not filing a workers' compensation claim related to his August 2001 surgery. The District Court pointed out that Kowalski had not filed a claim as of October 2001, i.e., when the allegedly retaliatory surveillance occurred. But even if Scott caused Kowalski to be surveilled in anticipation of his claim, Kowalski's First Amendment claim must fail because he filed for and successfully obtained compensation related to his surgery.

3

Kowalski also alleges that the video surveillance, as well as other alleged harassment, were intended as retaliation by Scott for his complaints about the air quality in the Evidence Room. The District Court correctly found that Kowalski's claim fails because he cannot show, as such a First Amendment claim requires, that his complaints about the Room were "a substantial or motivating factor in the alleged retaliatory action." *Green v. Phila. Housing Auhtority*, 105 F.3d 882, 885 (3d Cir. 1997). In fact, to the contrary, Scott can affirmatively show that she informed the PSP Human Resources Department of Kowalski's vacation in a good faith, if misguided, effort to minimize the cost of PSP's workers' compensation insurance premiums, and that she later discontinued the use of a portable air conditioner in the Evidence Room because her department otherwise would have had to buy it with its own limited funds. Thus, though both Kowalski's workers' compensation claim and his complaints about air quality in the Room were protected activities, because neither was a 'but-for' cause of any retaliatory act by Scott, Kowalski's First Amendment claim fails. *See id.*

For all the foregoing reasons, even taking the facts in the light most favorable to him, Kowalski's claims cannot survive summary judgment. We will affirm the judgment of the district court.